THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

PAMELA BARBERIO,

9                               Plaintiff,                    No. C05-1569P

10      v.

11   CITY OF BURIEN, LISA MARSHALL,                 DEFENDANTS'   MOTION   FOR
     WSBA NO. 24343, ATTORNEY CITY OF              DISMISSAL
12   BURIEN,   JIM   BIBBY,   CODE
     COMPLIANCE   OFFICER,   CITY   OF              **NOTED FOR:  FRIDAY,**
13   BURIEN,                                          **JUNE 9, 2006**

14                               Defendants.

15

16          COME NOW Defendants, City of Burien, Lisa Marshall and Jim Bibby, by and

17   through their counsel of record, Kelly M. Wiley and Keating, Bucklin & McCormack, Inc.,

18   P.S., and request this Court dismiss Plaintiff's Complaint with prejudice.

19                   I.      FACTS RELEVANT TO MOTION

20          Plaintiff Pamela Barberio was prosecuted in King County District Court, Southwest

     Division, for the large amount of trash, including a junk vehicle, located on her property.
21
     *See Declaration of Kelly M. Wiley*, pp. 3-10.  The trash on her property was in violation of
22
     the Burien Municipal Code and Ms. Barberio was afforded notice of these violations and an
23
     opportunity to resolve the issue.  *Decl. of Wiley*, p. 11.  On November 1, 2005, two months
24
     after Ms. Barberio filed this lawsuit, King County District Court Judge Eidee entered an

DEFENDANTS' MOTION FOR DISMISSAL - 1
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

order finding that Pamela Barberio failed to comply with BMC 8.15 and 8.45 concerning her property and Judge Eidee ordered that these violations constituted nuisances under BMC 8.45.015 and 8.45.020(9)(a). *Decl. of Wiley*, pp. 12-15.

In the middle of this state proceeding, Ms. Barberio filed this lawsuit in federal court. *See, generally,* court files.

Ms. Barberio failed to file a notice of removal in state court, but instead filed a complaint. *Decl. of Wiley*, pp. 16-24. Although this Court alerted Ms. Barberio that her removal had to comply "with the requirements of 28 U.S.C. § 1446(a)" Ms. Barberio has failed to even attempt to comply with the requirements. *Decl. of Wiley*, p. 24. Instead, Ms. Barberio has submitted numerous irrelevant documents including documents relating to a previous criminal assault, and a letter from her neighbor expressing concern about Ms. Barberio's mental health. *Decl. of Wiley*, pp. 25-27.

Although Ms. Barberio makes numerous claims against these Defendants (*Decl. of Wiley*, pp. 16-24), as the photos show, her case is simply about too much debris in her yard. *Decl. of Wiley*, pp. 28-30.

Ms. Barberio is now asking the federal court to intervene in finalized state court proceedings.

## II.    ISSUES PRESENTED

1.    Where a state court defendant did not properly remove the underlying state action should this Court remand the action back to state court or in the alternative dismiss the action as it is completely without merit?

2.    Where there is no evidence before this Court that all state court defendants joined in the removal should the Court remand the removal action back to state court?

3.    May a state court defendant remove a case to federal court when there the state court plaintiff has not alleged any subject matter under federal law?

4.    Even if a plaintiff properly removed the underlying state action does this Court have jurisdiction where the underlying state court action implicate important state

DEFENDANTS' MOTION FOR DISMISSAL - 2
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

interests and there is an adequate opportunity to raise any federal claims at the state court level?

5.      Should this Court dismiss Plaintiff's Complaint because she cannot prove any elements of her claims?

6.      Should this Court dismiss Plaintiff's Complaint as she has failed to file a Claim for Damages against the City of Burien as required by law?

7.      Should this Court dismiss the claims against Lisa Marshall and Jim Bibby as Plaintiff's claims against these individuals are brought because of their official capacity?

8.      Should this Court dismiss Plaintiff's claim against Lisa Marshall because of absolute prosecutorial immunity?

### III.    EVIDENCE RELIED UPON

1.      Declaration of Kelly M. Wiley in Support of Defendants Motion for Dismissal, and attached exhibits;

2.      Declaration of Jan Roegner in Support of Defendants' Motion for Dismissal, and attached exhibit; and

3.      All pleadings filed to date.

### IV.    LEGAL AUTHORITY

**A.      <u>Plaintiff Did Not Properly Remove This Matter</u>**.

On August 18, 2005 the City of Burien filed a complaint against Pamela and Adolf Barberio. *Decl. of Wiley*, pp. 3-10.  On September 13, 2005 Ms. Barberio served a letter along with a complaint on Lisa Marshall, City Attorney for the City of Burien.  *Decl. of Wiley*, pp. 16-24, p. 31.  This letter and complaint were not filed with the Court until October 6, 2005.  However, Ms. Barberio's purported removal does not comport with the removal statute.  28 U.S.C. § 1446 states that a defendant "desiring to removal any civil action . . . or criminal prosecution from a State court **shall file** in the District Court of the United States for the district and division within which such action is pending **and a notice of removal signed pursuant to Rule 11 of the Federal Rules Civil Procedure and**

DEFENDANTS' MOTION FOR DISMISSAL - 3
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

**containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in the action**." 28 U.S.C. § 1446(a) (emphasis added). Here, Ms. Barberio did not file a notice of removal in District Court, Ms. Barberio simply filed a complaint and sent a letter to the City Attorney telling the City Attorney that she had "submitted a counter lawsuit against the City of Burien, Ms. Lisa Marshall, and Jim Bibby." *Decl. of Wiley*, p. 31. Nor did Ms. Barberio file "all process, pleadings, and orders served upon (her) in the state action" as required by 28 U.S.C. § 1446(a). Further, Ms. Barberio's complaint, if can even be considered a proper notice of removal, was filed more than 30 days after the City of Burien instituted this action against Pamela and Adolf Barberio in State court in violation of 28 U.S.C. § 1446(b).

Further CR 101(b) indicates that the petitioner asking for removal "shall file along with his notice of removal a copy of the complaint and shall within 10 days of filing his notice of removal file with the clerk of this Court black-on-white copies of all additional records and proceedings in the State court, together with his or his counsel's verification that they are true and complete copies of all the records and proceedings in the State court proceeding." Here, Plaintiff did not file a notice of removal in federal court nor did Plaintiff verify that she filed a complete copy of the records and proceedings in the State court action.

Also, the subject matter of the complaint alleged by Burien does not involve a federal question, and as such cannot be removed to federal court. "For better or worse . . . a defendant may not remove a case to federal court unless plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Board v. Const. Laborer's Vacation Trust*, 463 U.S. 1, 10 (1983). Further a federal claim cannot be based on a counterclaim, cross-claim or third party claim. *Metro Ford Truck Sales*, 145 F.3d 320, 327. Further, there is no diversity between the parties.

DEFENDANTS' MOTION FOR DISMISSAL - 4
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Additionally, there is no evidence before this Court that Adolfo Barberio joined in the removal.  The right to remove belongs to the defendants jointly; therefore, all defendants who may properly join the removal must join; if any of them refuses the action cannot be removed.  *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

Ms. Barberio's failure to comply with the removal requirements and failure to have Adolfo Barberio join in the removal action deems her removal improper and this Court does not have jurisdiction.

**B.    The Federal District Court Lacks Subject Matter Jurisdiction Over This Action**.

This Court does not have jurisdiction over this action.  The federal court under *Younger v. Harris*, 401 U.S. 37, 49-53, 91 S.Ct. 746, 27 L.Ed.2d 2269 (1971) found that the federal court must abstain and allow state court to adjudicate all claims state and federal (this is known as the "*Younger* abstention doctrine").  The policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments.  *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001).

Federal courts must abstain where (1) state court proceedings are pending when federal action is filed; (2) the proceedings implicate important state interest; and (3) there is an adequate opportunity to raise a federal claim.  *Dubinka v. Judges of the Superior Court of the State of California for the County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).  Once the law has been violated and a state prosecution is commenced, *Younger* requires federal courts to abstain.

**1.    Ongoing state judicial proceedings.**

*Younger* abstention is usually confined to federal actions seeking to enjoin state court proceedings or seeking a declaratory judgment against operation of a state statute.  Allowing the federal action to proceed would "result in precisely the same interference with and disruption of state proceedings that the long standing policy limiting injunctions (against state court proceedings) was designed to avoid."  *Green v. City of Tucson*, 255 F.3d

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1095 (2001).  State court proceedings are *presumed adequate* to raise the federal claim "in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L.Ed.2d 1 (1987).

Plaintiff is asking the Court to directly interfere with proceedings already decided in a state court of limited jurisdiction (King County District Court).  This is precisely the situation the Supreme Court warned against in *Younger*.  The federal court should not intervene in this ongoing state court proceeding.

### 2.       Opportunity to raise federal questions.

*Younger* requires that the federal plaintiff have a full and fair opportunity to litigate his/her constitutional claim in the course of the state proceedings.  *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 620, 627, 106 S.Ct. 2718 (1986) (emphasis added).  The burden is on the party seeking relief in federal court to show that it was barred from raising its federal claims in state court.  *Lebbos v. Judges of Superior Court*, 883 F.2d 810, 815 (9th Cir. 1989).

It has been suggested that federal courts are not always obliged to abstain where the federal claimant has *no* practical opportunity to present her claims in state court because state procedural rules *bar* presentation of the federal claim.  *Dubinka*, 23 F.3d at 224.  In this case, however, Plaintiff is not barred from raising her claims in state court.  *Younger* abstention precludes federal intervention in a state judicial proceeding in which a losing litigant **has not yet exhausted his state appellate remedies**.  *Id*., at 223 (*citing Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607-11, 95 S.Ct. 1200, 1209-12, 43 L.Ed.2d 482 (1975)) (emphasis added).

Plaintiff still has the opportunity to appeal any district court decision to the King County Superior Court and Washington appellate courts.  *See, RALJ 1.1; RAP 2.3(d)*.  She can continue to raise her legal arguments in those courts, and therefore has not exhausted her opportunities to raise legal questions in state court.

DEFENDANTS' MOTION FOR DISMISSAL - 6
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    **3.     No extraordinary circumstances exist warranting federal intervention.**

2         In rare cases, "extraordinary circumstances" may exist that make abstention

3    inappropriate.  *Younger*, 401 U.S. at 53-54.  This exception requires that the state law

4    involved be "*flagrantly and patently violative* of express constitutional prohibitions in every

5    clause, sentence and paragraph and in whatever manner and against whomever an effort

6    may be made to apply it."  *Younger*, 401 U.S. at 53-54 (emphasis added).  This is a *very*

7    *narrow* exception.  It does not apply (i.e. abstention is still required) where a statute's

8    constitutionality is unclear or it is capable of being applied constitutionally in some cases.

     *Dubinka, supra,* 23 F.3d at 225.

9    **4.     Plaintiff has adequate remedies at law**.

10        The superior court reviews the decision of the District Court to determine whether

11   that court has committed any *errors of law* (RALJ 9.1(a)), and the decision of the superior

12   court is then subject to discretionary review by the Court of Appeals pursuant to RAP

13   2.3(d).   RALJ 9.1(h).   Discretionary review of a superior court decision entered in a

14   proceeding to review a decision of a court of limited jurisdiction will be accepted if a

15   significant question of law under the Constitution of the State of Washington or of the

16   United States is involved.  RAP 2.3(d).  Thus, regardless of the outcome of her civil case in

17   King County District Court, Plaintiff has access to the state courts to challenge the

     constitutionality of the Burien statutes.

18        Statutes are "presumed to be constitutional, and the challenger bears a heavy burden

19   to overcome that presumption."  *State Financial Commission v. O'Brien*, 105 Wn.2d 78,

20   80, 711 P.2d 993 (1986).  Any reasonable doubts are resolved in favor of constitutionality.

     *Washington Fed'n. of State Employees v. State*, 127 Wn.2d 544, 556, 901 P.2d 1028 (1995).

21        Further, even assuming the statute was found to be unconstitutional, Plaintiff's

22   claims against the City of Burien, its City Attorney and its Code Compliance Officer are

23   completely meritless.  Notwithstanding the fact that the municipal prosecutors are clearly

24

DEFENDANTS' MOTION FOR DISMISSAL - 7
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

entitled to prosecutorial immunity,[1] and Plaintiff has failed to state a basis for a claim whatsoever against the City and its employees could not be liable for merely enforcing state legislation later found to be unconstitutional.  *See, e.g., R/L Associates v. Seattle*, 113 Wn.2d 402, 412, 780 P.2d 838 (1989).

**C.   <u>Ms. Barberio's Complaint Should Be Dismissed Because She Cannot Prove Any Elements Of Her Claims</u>.**

"Summary judgment for defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetix Corp. v. Cotrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  The basis for Ms. Barberio's purported removal to federal court is stated in Ms. Barberio's complaint under "Complaint 1." *See Decl. of Wiley*, pp. 16-24.  To briefly summarize Ms. Barberio's allegations in Complaint 1 she believes that a "fair and impartial hearing cannot be obtained" in State court based on a previous experience she had when she was "issued a citation for assault for and Ms. Barberio had many complaints about the way that case was handled. *Id.*, p. 18.

In Ms. Barberio's "Complaint 2" she asserts that "the current court documents that the plaintiff received" . . . depict [violation of code 28 U.S.C.: 1331] (sic), the Constitution of the United States of America, amendments to the U.S. Constitution, Declaration of Independence to include: exploration, extortion, malicious harassment, abusive in course of conduct, and misuse of authority." *Id.*, p. 19.  Ms. Barberio does no present and indeed has no evidence which supports any of these claims.  The basis for these claims are in her words "I found these documents on my back porch bound with a binder clip, left unprotected, open to the weather.  I have no idea when they were delivered, or if they were removed from my property and examined by someone.  They were not in a concealed envelope.  The contents were out in the open in an unprotected area.  I am questioning the 'proof of service.'"  *Id.*, p. 19.  Ms. Barberio's complaints should be dismissed with

---

[1] *See Imber v. Pachtman*, 424 U.S. 411, 96 S. Ct. 984 (1976).

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

prejudice. Because Plaintiff's complaint is without merit if this Court is going to exercise its jurisdiction it should simply dismiss Ms. Barberio's complaint with prejudice rather than wasting judicial resources and remanding it to State court.

**D.    Plaintiff's Suit Against The City Must Be Dismissed For Failure To File A Claim For Damages As Required By Law.**

The Washington legislature has set up a clear and specific requirement that any person bringing suit against a "local government entity" must present and file a "claim for damages" with the government entity in the time, in the manner and by the person prescribed by statute. The requirement is mandatory and jurisdictional and is a condition precedent to bringing suit against a city. Plaintiff failed to properly file a claim for damages, and Plaintiff filed no claim at all. Based on her failure to fulfill the claim filing requirements, Plaintiff's suit must be dismissed as a matter of law.

RCW 4.96.010 states:

All local governmental entities, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct,… Filing a claim for damages within the time allowed by law shall be **a condition precedent to the commencement of any action claiming damages. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory**.

RCW 4.96.020(2) provides:

**All claims for damages** against any such entity for damages shall be presented to and filed with the governing body thereof within the applicable period of limitations within which an action must be commenced.

In tandem, RCW 4.96.010 and RCW 4.96.020 require that individuals present and file with the governing body – in this case the City of Burien – a claim for damages. Here, it is uncontroverted Plaintiff never submitted any such claim to anyone at the City of Burien at any time. *See, Declaration of Jan Roegner*.

The claim filing requirement is **jurisdictional**. The court has no authority to hear any cause of action against a city where the claims filing requirement have not been met.

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

Ms. Barberio has no legal right to commence her action until she submitted a claim for damages to the City of Burien and waited sixty days. However, Ms. Barberio has failed to file any claim against the City of Burien. *See*, *Declaration of Jan Roegner*.

The failure to file the claim for damages is not insignificant, nor is it a mere technicality. Washington courts have for the past seventy years strictly construed the statutory requirements for filing a claim and waiting sixty days before initiating suit. Washington courts repeatedly affirm summary dismissal of lawsuits where no claim is filed. *Lewis v. Mercer Island*, 63 Wn. App. 29, (1991). The courts have also upheld dismissal where a claim was filed, but the claimant failed to wait the requisite sixty days before filing suit. *Kleyer v. Harborview Medical Center*, 76 Wn. App. 542 (1995). Finally, in circumstances where the claim was filed improperly, summary judgment dismissal has been affirmed. *Levy v. State*, 91 Wn. App. 934 (1998).

Washington case law emphasizes strict compliance with filing procedures. *Pirtle v. District* 81, 83 Wn. App. 304, 309 (1996). While "substantial compliance" with laws specifying the content of the claim is authorized, substantial compliance does not apply to filing. *Id.* As noted above, it is well established that failure to comply with the filing requirements leads to dismissal. Here, Ms. Barberio failed to file the required claim with the City. This total failure to fulfill statutory requirements results in the Court's lack of jurisdiction to hear her damage claims sounding in negligence. Her action must be dismissed as a matter of law.

**E.** **Plaintiff's "Official Capacity Claims" are really claims against the City, and therefore the individual Defendant employees should be release from this lawsuit**.

Plaintiff has named the City Attorney and Code Compliance Officer Jim Bibby as defendants in this action. These individually identified Defendants should be dismissed because official-capacity suits are just "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985). As long as the government entity receives notice and an

DEFENDANTS' MOTION FOR DISMISSAL - 10
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423

opportunity to respond, an official-capacity suit is to be treated as a suit against the entity. *Graham*, 473 U.S. at 166.

"[I]f the individuals are being sued in their official capacity as municipal officials *and* the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *see, also, Rosa R. v. Connelly*, 889 F.2d 435, 437 (2nd Cir. 1989); *Willis v. Bell*, 726 F. Supp. 1118, 1124 (N.D. Ill. 1989).  Plaintiff is suing the City of Burien as well as these two City officials.  There is no basis for pursuing this action against them other than to harass and intimidate them.  In the event any of Plaintiff's claims go forward, these individual Defendants should be released from this lawsuit and Plaintiff's claims against them dismissed.

**F.** **Absolute prosecutorial immunity precludes Plaintiff's claims against Defendant Marshall.**

Plaintiff has named Burien City Attorney Lisa Marshall as a defendant in this lawsuit based solely on her actions as the prosecutor for the City.  *See, Pltf's Complaint*.

Public prosecutors enjoy absolute judicial process immunity for the advocacy functions and for the decisions to initiate and move forward with judicial proceedings. *Babcock v. Tyler*, 884 F.2d 497, 501 (9th Cir. 1989).  Prosecutorial immunity is absolute, in order to permit performance without fear of litigation.  *Id*.  Absolute immunity is imputed to the City.  *Savage v. State*, 127 Wn.2d 434, 441, 899 P.2d 1270 (1995):

> Absolute immunity from liability under 42 U.S.C. § 1983 has been accorded state employees responsible for the prosecution of child neglect and delinquency petitions, the guardian ad litem serves as an advocate for the children in such proceedings, and psychologists and psychiatrists who provide information and findings for use in the proceedings by the State Department of Social Services.   Such persons are accorded absolute immunity because participation in court proceedings is an integral part of the judicial process.

*Babcock*, 884 F.2d at 501-502.

DEFENDANTS' MOTION FOR DISMISSAL - 11
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1    Thus, another basis for dismissal exists as to the Plaintiff's claims against Lisa

2    Marshall.

3                              **V.    CONCLUSION**

4            Plaintiff's Complaint and her attempt to remove this action to federal court are

5    deficient in many ways.  The most notable deficiency is Plaintiff's inability to provide any

6    admissible evidence which would support her far reaching and numerous claims against

7    these Defendants.    Instead, Plaintiff has submitted numerous irrelevant documents

8    including documents relating to a previous criminal assault and a letter from her neighbor

9    expressing concern about Ms. Barberio's mental health.  As the photos attached depict and

10   the underlying state court action reflect, this case is simply about too much debris in Ms.

11   Barberio's yard.  These Defendants respectfully request that Ms. Barberio's Complaint be

     dismissed with prejudice.

12           RESPECTFULLY submitted this 18th day of May, 2006.

13                                     KEATING, BUCKLIN & McCORMACK, INC., P.S.

14                                     s/Kelly M. Wiley
                                       Kelly M. Wiley, WSBA # 24589
15                                     Attorney for Defendants
                                       Keating Bucklin & McCormack, Inc., P.S.
16                                     800 Fifth Avenue, #4141
                                       (206) 623-8861
17                                     (206) 223-9423 Facsimile
                                       kwiley@kbmlawyers.com

18

19

20

21

22

23

24

DEFENDANTS' MOTION FOR DISMISSAL - 12
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

1

## **DECLARATION OF SERVICE**

2

3      I hereby certify that on May 18, 2006, I electronically filed the foregoing with the

4 Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by

5 United States Postal Service the document to the following non CM/ECF participants:

6      Pamela Barberio
       1521 S.W. 160th Street
7      Burien, WA 98166

8
                                    s/ Christine Jensen Linder
9                                   Keating Bucklin & McCormack, Inc., P.S.
                                    800 Fifth Avenue, #4141
10                                  (206) 623-8861
                                    (206) 223-9423 Facsimile
11                                  cjlinder@kbmlawyers.com

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANTS' MOTION FOR DISMISSAL - 13
Cause No. C05-1569P
K:\KMW\wcia05195\p-051706-mottodismiss.doc

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
800 FIFTH AVENUE, SUITE 4141
SEATTLE, WASHINGTON 98104-3175
PHONE: (206) 623-8861
FAX: (206) 223-9423