1

2

3

4

5

6                                         UNITED STATES DISTRICT COURT
                                        WESTERN DISTRICT OF WASHINGTON
7                                                  AT SEATTLE

8    PAMELA BARBERIO,

9                            Plaintiff,                        No. C05-1569P

10   v.                                                        ORDER ON PENDING MOTIONS

11   CITY OF BURIEN, et al.,

12                            Defendants.

13
            Several motions are currently pending in this matter, including:
14
            (1)     Defendants' motion for dismissal (Dkt. No. 20);
15
            (2)     Plaintiff's motion to request an immediate TPO and TRO against Defendants (Dkt.
16                  No. 25);

17          (3)     Plaintiff's motion to consider amended pleading based on the following facts (Dkt. No.
                    34);
18
            (4)     Plaintiff's motion for extra time to submit subpoena list and witness list (Dkt. No. 29);
19
            (5)     Plaintiff's motion for extra time to submit transcribed tapes of lower court hearing
20                  ZON 05-009 (Dkt. No. 31); and

21          (6)     Plaintiff's motion to remove Defendants' 2nd lawsuit 06-2-09137-0KNT from
                    Superior Court to U.S. District court and add to C05-1569P for related cases (Dkt.
22                  No. 28).

23          Having reviewed the papers and pleadings submitted by the parties and the balance of the

24   record in this case, the Court GRANTS Defendants' motion for dismissal (Dkt. No. 20).  Plaintiff is

25   attempting to pursue claims in this Court that must be adjudicated in state court.  Therefore, this case

26   must be dismissed, without prejudice to Plaintiff pursuing her claims in state court.  The Court further

ORDER  – 1

DENIES Plaintiff's motion to amend her complaint because the proposed amendments would not permit this Court to adjudicate Plaintiff's claims.  Because this case is subject to dismissal, all remaining motions in this matter are DENIED as moot.

The reasons for the Court's order are set forth below.

**Background**

Plaintiff Pamela Barberio is proceeding *pro se* and *in forma pauperis* in this action.  In September 2005, Plaintiff filed a complaint in this Court.  The caption of Plaintiff's complaint reads as follows:

> Complaint (1) Petition to remove City of Burien's claim from local jurisdiction (King County District Court of Washington - Southwest Division) to United States District Court - Western District of Washington with jury demand to insure fair hearing

> Complaint (2) Violation of Code 28 USC 1331; the Constitution of the United States of America; Amendments to the U.S. Constitution; Declaration of Independence to Include: Exploitation, Extortion, Malice Harassment, Abusive and Coercive Conduct, and Misuse of Authority.

> Complaint (3) Petition to invoke a federal protection order against Defendants for: further acts of malice, harassment, exploitation, extortion, abusive and coercive conduct, and misuse of authority.

Plaintiff's complaint named the City of Burien as a defendant, along with City of Burien employees Lisa Marshall (named as an attorney for the City) and Jim Bibby (named as a "code compliance officer" for the City).

At the time Plaintiff filed her complaint in this Court, she and August Barberio were defendants in a state-court action brought by the City of Burien in King County District Court.[1]  The state-court action was City of Burien v. Adolph Barberio and Pamela Barberio, Case No. ZON 05-009.  In the state-court action, the City of Burien alleged that Plaintiff and Mr. Barberio had violated the city's trash disposal and nuisance ordinances.  From the complaint that Plaintiff filed in this Court,

---

[1] Although August Barberio was named in the state-court action as a defendant, he did not sign the complaint filed by Plaintiff in this Court.

Plaintiff appeared: (1) to seek permission to remove a state-court action to federal court; (2) to bring claims challenging the constitutionality of Burien's trash disposal and nuisance ordinances; and (3) to seek a "federal protection order" to bar Defendants from harassing her.  Construed liberally, the complaint could also be read as raising tort claims such as outrage or abuse of process.

While Plaintiff's complaint was pending in this Court, the state-court action in King County District Court was adjudicated.  The King County District Court issued an order dated November 1, 2005 in which Plaintiff was found to have failed to comply with provisions of the Burien Municipal Code.

In March 2006, the City of Burien filed another complaint for nuisance abatement against Plaintiff in King County Superior Court.  The complaint alleges that Plaintiff has not complied with the provisions of the King County District Court's order of November 1, 2005.  Plaintiff has filed a motion in this case to remove this second action to this Court.  (Dkt. No. 28).

Defendants now move for dismissal of this action.  Among other arguments, Defendants contend that Plaintiff failed to properly remove any state court actions to federal court and that this Court either lacks jurisdiction or must abstain from exercising jurisdiction over any of Plaintiff's claims.

**Analysis**

1.    Defendants' Motion for Dismissal

The Court first analyzes Defendants' motion for dismissal because it addresses the threshold question of whether this Court may adjudicate any of Plaintiff's claims.

A.    Removal of State-Court Action to Federal Court

First, Defendants argue that Plaintiff did not properly remove the state-court action to federal court.  Defendants also maintain that even if Plaintiff had properly removed the state-court action to federal court, this Court would lack jurisdiction over the state-court proceeding.

ORDER  – 3

Federal law establishes the requirements for removing a state-court action to federal court. Among other things, federal law provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Defendants argue that Plaintiff did not comply with the removal requirements.  First, Defendants argue that Plaintiff did not file a "notice of removal" pursuant to 28 U.S.C. § 1446(a), but instead filed a complaint that she characterized as a "counter lawsuit" against the City of Burien. Plaintiff's complaint also includes claims against Lisa Marshall and Jim Bibby, who were not named as plaintiffs or defendants in the state-court action.  Defendants also contend that Plaintiff has not complied with Local CR 101, which requires a party seeking to remove a case from state court to, within ten days of removal, to "file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court, together with his or his count's verification that they are true and complete copies of all the records and proceedings in the state court proceeding."

Because Plaintiff is proceeding pro se, the Court construes her pleadings liberally.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  However, pro se parties must follow the same rules of procedure as parties represented by counsel.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In addition, the federal statutes governing removal of actions from state court to federal court are strictly construed.  See, e.g., Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998) ("removal statutes must be strictly construed").

As Defendants note, Plaintiff did not file a "notice of removal," but instead filed a new complaint that she characterized as a counter lawsuit and which named two defendants (Lisa Marshall and Jim Bibby) who were neither plaintiffs nor defendants in the state-court action.  Nothing in 28

ORDER – 4

U.S.C. § 1446(a) provides that a state-court proceeding may be removed by filing an entirely new complaint in federal court that requests removal of the state-court action.  In addition, Plaintiff's complaint does not state any colorable grounds for removing the state court action to federal court. Although Plaintiff asserted in her complaint that she could not get a fair and impartial trial in state court, such allegations are not grounds for removing a state court action to federal court.[2]  It should also be noted that the civil cover sheet that Plaintiff was required to file in this Court directed Plaintiff to indicate the "origin" of the case.  Plaintiff checked a box on the civil cover sheet indicating that this was an "original proceeding," rather than a box indicating that the case was "Removed from State Court."  Under these circumstances, the Court does not construe the complaint Plaintiff filed in this Court to constitute an adequate notice of removal under § 1446(a).

Even if the Court were to regard Plaintiff's complaint as an adequate notice of removal under § 1446(a), the Court would plainly lack subject matter jurisdiction over the state-court action.  This Court cannot exercise jurisdiction over complaints filed in state court between citizens of the same state unless the state-court complaint raises questions under federal law or the United States Constitution.  See 28 U.S.C. § 1331.  Here, the complaint filed by the City of Burien in King County District Court against Plaintiff only alleges violations of the Burien Municipal Code.  The City's complaint did not state any claims arising under the Constitution or laws of the United States.   As a result, Plaintiff cannot remove the state-court action to federal court because the City did not raise any federal claims against Plaintiff.

In her complaint in this Court, Plaintiff alleges that Burien's ordinances violate the United States Constitution.  However, even if those allegations could be regarded as counterclaims to the

---

[2]  28 U.S.C. § 1443(1) permits removal of cases brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persona within the jurisdiction thereof."  However, the Supreme Court has held that this provision only authorizes removal of state court cases involving the alleged denial of racial equality.  Johnson v. Mississippi, 421 U.S. 213, 218 (1975).  Plaintiff's complaint in this case does not allege denial of racial equality.

1   City's state-court complaint, it is well-established that a defendant in a state-court action cannot

2   remove a case to federal court simply because the state-court defendant raises counterclaims under

3   federal law.  See, e.g., Rath Packing Co. v. Becker, 530 F.2d 1295, 1303 (9th Cir. 1975)

4   ("Removability cannot be created by defendant pleading a counter-claim presenting a federal

5   question.").

6           Ordinarily, a state-court case that is improperly removed to federal court must be remanded to

7   state court.  See 28 U.S.C. § 1446(c).  Here, however, the Court finds that Plaintiff did not effect

8   removal of the state-court action to federal court because Plaintiff's complaint in this Court was not a

9   sufficient notice of removal filed pursuant to 28 U.S.C. § 1446(a).  As such, remand is not necessary.[3]

10  Therefore, the Court will dismiss Plaintiff's complaint to the extent it may be construed as an

11  ineffective attempt to remove a state-court action to federal court.

12          B.      Constitutional Claims

13          Plaintiff's complaint also asserts that provisions of the Burien Municipal Code (BMC) are

14  invalid under the United States Constitution.  In particular, Plaintiff alleges:

15          BMC 8.15.110 AND BMC 8.45.020(9) I allege, as written, violate the Constitution of the
            United States, Amendments to the Constitution and lacks proper parameters to insure fair and
16          just application of the ordinance.

17  (Dkt. No. 3-1 at 4).  Defendants argue that any constitutional claims asserted in Plaintiff's complaint

18  must be dismissed because this Court is required to abstain from deciding such matters under the

19  Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37 (1971).  The Court agrees.

20          The Younger abstention doctrine "is based on a strong policy of avoiding federal interference

21  in pending state proceedings enforcing state public policy."  Gatrell Constr. Inc. v. Aubry, 940 F.2d

22  437, 441 (9th Cir. 1991).  Under the Younger doctrine, a federal court must abstain from exercising

23  _____

24          [3]  In any case, the Ninth Circuit has held that there is a futility exception to the rule that
        improperly removed federal actions must be remanded to state court.  See Bell v. City of Kellogg, 922
25      F.2d 1418, 1424-25 (9th Cir. 1991).  Here, it would be futile to remand the state court action to the King
        County District Court because the case has already been adjudicated by the state court.

26

1   its jurisdiction in civil proceedings if "(1) there are ongoing state judicial proceedings, (2) the

2   proceedings implicate important state interests; and (3) there is an adequate opportunity in the state

3   proceedings to raise federal questions." Id.  "When the case is one in which the Younger doctrine

4   applies, the case must be dismissed." H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

5       Here, there are ongoing state judicial proceedings between Plaintiff and the City of Burien

6   regarding the ordinances that Plaintiff alleges to be unconstitutional.   At the time that Plaintiff filed

7   her complaint in this Court, the City of Burien was suing her in state court for alleged violations of

8   the Burien ordinances.  While it appears that the original state-court action has now been adjudicated,

9   the City of Burien has initiated a second action against Plaintiff in King County Superior Court raising

10  similar complaints about Plaintiff's compliance with nuisance and trash removal ordinances.  Plaintiff

11  has also asked this Court to intervene in the second state court action by filing a motion to remove

12  that case to this Court and to enjoin the proceeding. See Dkt. No. 28.  As a result, this Court would

13  improperly interfere with ongoing state-court proceedings by exercising jurisdiction over Plaintiff's

14  constitutional claims.

15      The state-court proceedings also implicate an important state interest.  The proceedings

16  involve Burien's nuisance abatement laws, a type of proceeding that implicates important state

17  interests for the purposes of Younger abstention.  See, e.g., Woodfeathers, Inc. v. Washington

18  County, Oregon, 180 F.3d 1017, 1021 (9th Cir. 1999) ("Civil actions brought by a government entity

19  to enforce nuisance laws have been held to justify Younger abstention.").

20      Finally, there should be an adequate opportunity in the state proceedings for Plaintiff to raise

21  federal questions regarding the constitutionality of Burien's ordinances.  If Plaintiff believes the

22  Burien ordinances are unconstitutional, there is no apparent reason why she cannot raise that

23  argument in the pending state court action.

24      As a result, the Younger doctrine requires this Court to abstain from adjudicating Plaintiff's

25  claims regarding the constitutionality of the Burien ordinances challenged in Plaintiff's complaint.

26

1    Therefore, Plaintiff's constitutional claims must be dismissed, without prejudice to Plaintiff's ability to

2    raise such claims in the state court proceedings.

3            C.      Request for "Federal Protection Order"

4            Defendants do not directly address Plaintiff's third complaint, which is labeled as a "Petition

5    to Invoke a Federal Protection Order Against City of Burien, Lisa Marshall, and Jim Bibby for further

6    malice harassment as threatened in the [Burien] claim."  However, this claim is subject to dismissal by

7    the Court under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that a federal district court shall

8    dismiss claims filed by a plaintiff proceeding *in forma pauperis* if the action fails to state a claim on

9    which relief may be granted.  Here, Plaintiff's request for a "Federal Protection Order" does not state

10   a claim for which this Court may grant relief.  Plaintiff's request for a protection order appears to be

11   based on provisions of Washington state law that permit victims of harassment or domestic violence

12   to obtain protection orders.  See RCW 10.14 and 26.50.  Unlike Washington state law, there is no

13   federal statute that authorizes the issuance of a "Federal Protection Order."  Therefore, this claim will

14   be dismissed for failure to state a claim on which relief may be granted.  This dismissal is without

15   prejudice to Plaintiff seeking protection orders as authorized by Washington law in Washington state

16   courts.[4]

17   2.      Remaining Motions

18           Plaintiff has filed a motion to amend her complaint.  (Dkt. No. 34).  However, even if the

19   Court were to grant Plaintiff leave to amend her complaint, this case would still be subject to

20   dismissal because the proposed amendments would not permit this Court to adjudicate her claims.

21

22           [4] Plaintiff also requests damages against each Defendant.  The damages sought by Plaintiff appear
     to be based on allegations of exploitation, extortion, malicious harassment, abusive and coercive conduct,
23   and misuse of authority.  This could be construed as raising a number of state-law tort claims, such as
     outrage or abuse of process.  However, such tort claims would have to be pursued in state court, rather
24   than federal court, since all parties are citizens of Washington state.  In addition, as the City notes,
     Washington law requires a party seeking tort damages against a municipality to file a claim for damages
25   with the municipality before filing suit.  See RCW 4.96.010 - 020.

26

ORDER  – 8

1   Therefore, the Court denies the motion to amend on futility grounds. <u>See, e.g.</u>, <u>Johnson v. Buckley</u>,

2   356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend").

3       Because this case is subject to dismissal, the Court denies all remaining motions filed by

4   Plaintiff as moot.

5                      **Conclusion**

6       For the reasons discussed above, Defendants' motion for dismissal (Dkt. No. 20) is

7   GRANTED and this matter is hereby DISMISSED.  The claims that Plaintiff seeks to pursue in her

8   complaint must be adjudicated in state court.  The Court further DENIES Plaintiff's motion to amend

9   her complaint (Dkt. No. 34) because this case would still be subject to dismissal even if leave to

10   amend were granted.  All other pending motions in this matter are DENIED as moot.

11       The clerk is directed to send copies of this order to Plaintiff and to all counsel of record.

12       DATED:   August 3, 2006.

13

14                              s/Marsha J. Pechman
                             Marsha J. Pechman

15                              United States District Judge

16

17

18

19

20

21

22

23

24

25

26

ORDER  – 9